IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 16-4707 JB |
| | ) | |
| **LARRY JUNE,** | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' REQUESTED VOIR DIRE QUESTIONS

The United States respectfully requests that the Court allow counsel for the United States to ask the following questions in its examination of the prospective jurors. The United States further requests leave to pursue more detailed questioning, if further inquiry is appropriate and if desirable, to conclude with an inquiry as to whether particular facts or circumstances would influence a juror in favor or against either party. The United States requests that the Court permit prospective jurors to address matters at sidebar, if such questions concern private or potentially embarrassing matters.

A. **Knowledge of the Trial Participants or Case**

1. The Defendant in this case is named LARRY JUNE. Does any juror know, or had any dealings, directly or indirectly, with the Defendant, or with any relative, friend or associate of the Defendant?

2. Defendant LARRY JUNE is represented by L. Val Whitley. Do any of you know Mr. Whitley? Has any juror had dealings, either directly or indirectly, with Mr. Whitley?

3. The United States is represented here, as in all cases where it is a party before this Court, by the Acting United States Attorney for the District of New Mexico, who is James D.

Tierney. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Niki Tapia-Brito and Michael Murphy.

4. Do any of you know Ms. Tapia-Brito, or Mr. Murphy? Have any of you had dealings either directly or indirectly with either of these attorneys?

5. During the course of the trial, several individuals may be called as witnesses or may be discussed during testimony. (Read United States' Witness List) Does anyone know any of the named individuals? If so, how?

**B.** **Relationships and Associations**

1. Is anyone related to an employee of the United States Attorney's Office or the attorney representing the Defendant?

2. Does anyone work with or socialize with anyone who works for the United States Attorney's Office or the attorney representing the Defendant?

3. Aside from the United States Attorney's Office or Mr. Whitley, is anyone friends with or related to any attorney who practices criminal law?

4. Does any juror have any bias, prejudice or other feelings with respect to the United States Attorney's Office or any other any other agency which may prosecute criminal cases?

5. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute and its outcome?

6. Has anyone had any training or education in law, or otherwise worked in a law office?

7.  Have you, any member of your family, or any close friend ever been employed by a law enforcement agency or a similar line of employment?

8.  Has anyone on the panel had a bad experience with any type of law enforcement officer, with any other government employee, or have a general distrust of the government?

9.  Is there anyone who has previously been involved in protests to oppose any sort of government action? Would your participation, in any way, affect your ability to sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

**C.  Prior Jury Service**

1.  Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or other court? If so, when and where did you serve?

2.  Have you ever served as a juror in any court? If so, when and in what court did you serve, and was it a civil or a criminal case?

    a.  Were you ever the foreperson?

    b.  In the case(s) where you served as a juror, was the jury able to render a verdict?

    c.  How did your experience as a juror affect your views of our courts and justice system?

3.  Does anyone on the panel believe the judicial system in general is unfair? If "yes", please explain why. Would these feelings prevent you from being fair and impartial in this case?

4.  Are you related to, friendly with, or do you have any close acquaintance with any of the other prospective jurors in this case?

**D.      Experience as a Witness, Defendant, or Crime Victim**

1. Have you ever been involved, in any court, in a criminal matter that concerned yourself, any member of your family, or a close friend -either as a defendant, a witness, or a victim? If so, would that in any manner tend to prejudice you, affect your ability to evaluate the evidence or otherwise affect your deliberations in this case?

2. Have you, any member of your family, or a close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or been questioned in any matter by a federal, state, or local law enforcement agency? If so, would that in any manner tend to prejudice you, affect your ability to evaluate the evidence or otherwise affect your deliberations in this case?

**E.      Experience with the Type of Crimes Being Prosecuted and Related Issues**

1. Has anyone in your family or any of your friends been the victim of any type of crime?

   a. If so, what were the circumstances?
   b. What were the relationships of the people involved?
   c. Were the police involved?
   d. Did the case go to court?
   e. Were you satisfied that law enforcement or the courts did everything that could have been done or were you unsatisfied with the way the civil or criminal justice system handled the matter?

2. This case involves allegations that the defendant stabbed and killed his wife. Do any of you feel you cannot sit as a juror because of the subject matter of this particular case?

3. Have any of you had a personal experience involving relationship violence or the type of crime being prosecuted in this case? If so, would the fact that you have had personal experience with any of these types of crimes cause you to be unable to sit as a juror?

4. Have you, anyone in your family, or a friend ever been accused of any similar type of offense?

5. Have you, or has someone close to you, in your opinion, ever been accused or falsely accused of any crime?

6. Do you believe you can you put aside personal feelings and decide this case based only on the facts presented in court and the law provided by the Judge, even if you do not like the life choices of any particular witness, the Defendant, or the victim?

7. Do you think you will have difficulty listening to and viewing evidence, such as crime scene or autopsy photos, or discussing the crimes alleged in this case openly with your fellow jurors?

**F.** **Function of the Court and Jury**

1. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether the Defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent him or her from accepting the instructions of law that the Court will give you in this case?

2. Does anyone question or disagree with the requirement that the government bear the burden of proving each element, and establishing defendant's guilt beyond a reasonable doubt?

3. How do you feel about evaluating the honesty or credibility of witnesses?

4. Have you ever been in a position of having to decide whom to believe when told directly conflicting stories?

    a. Were you able to decide?

    b. How did you decide?

5. As a juror, you may not consider a Defendant's punishment in determining whether the government has proved its case beyond a reasonable doubt. Is there anyone here who thinks that thoughts about a Defendant's punishment might make it harder for them to find a Defendant guilty?

6. Will each of you accept the proposition of law that sympathy must not enter into your deliberations as to the guilt or innocence of the Defendant and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the Defendant?

7. For you to convict the Defendant(s) the government must prove guilt beyond a reasonable doubt. Reasonable doubt is doubt based on reason and common sense and not proof beyond a shadow of the doubt. Is there anyone on the panel who could not convict a Defendant unless they were absolutely certain of that person's guilt, even if you felt there was no reasonable doubt as to the Defendant's guilt?

8. Does anyone require a certain type of evidence, such as DNA, fingerprints, or a confession, as a prerequisite to returning a guilty verdict?

9. Is there any juror who feels that even if the evidence established a Defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and evidence?

**G.** **Biases Regarding Native Americans and Relations with the Federal Government**

1. The crimes are alleged to have occurred within the Navajo Nation. Do any of you feel the federal government should not be involved in the prosecution of crimes which occur within what is statutorily defined as Indian Country?

2. The United States Attorney's Office has a duty under federal law to prosecute specific crimes which occur within Indian County. Do any of you think this law is wrong? Why?

3. The Defendant and victim in this case are members of the Navajo Nation. Does the fact that the Defendant and victim are Native American or Indian make you think this case should be decided differently than any other criminal case? If so, how?

4. Does the fact that the Defendant is Native American make you think that you must treat the evidence or testimony any differently than any other criminal case? If so, how?

5. Do you think the government should have a different standard of proof for a Native American defendant? Do you think the government should have to prove a Native American defendant guilty beyond all doubt instead of beyond a reasonable doubt?

**H.** **Qualifications and General Biases**

1. Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible? Is any juror taking any medication that would prevent you from giving your full attention to all the evidence at this trial?

2. Does any juror have any difficulty in reading or understanding English to any degree?

3. Does any juror work swing shifts or has anyone been up all night prior to coming here today?

4. Does any juror have a significant hardship which would prevent them from serving on this jury or from giving their full attention to the evidence presented at this trial?

5. Does any juror have any religious, philosophical or other beliefs which would make you unable to sit in judgment of the facts of this case and render a guilty verdict for reasons unrelated to the law and evidence?

6. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained?

7. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

I. **Requested Instruction Following Impaneling**

From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the

courthouse, you should immediately report such an attempt to me. In this regard, let me explain to you that the attorneys and the Defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing

      Respectfully submitted,

      JAMES D. TIERNEY
      United States Attorney

      *Electronically filed on August 3, 2017*
      NIKI TAPIA-BRITO
      MICHAEL MURPHY
      Assistant United States Attorneys
      Post Office Box 607
      Albuquerque, New Mexico 87102
      (505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause a copy of this filing to be sent to counsel for each Defendant.

      /S/
NIKI TAPIA-BRITO
Assistant United States Attorney